NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1544
_____

DOREEN BURGESS;
RICHARD BURGESS, indiv & h/w,
                                        Appellants
                    v.

DOLLAR TREE STORES, INC.;
RANDI FREEMAN;
JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-1727)
District Judge:  Hon. Stewart Dalzell
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 26, 2016

Before:  JORDAN, VANASKIE, and SHWARTZ, *Circuit Judges*.

(Filed:  February 9, 2016)
_____

OPINION*
_____

---

∗ This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Doreen Burgess appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing her claims of unlawful employment discrimination. We will affirm.

## I. Background[1]

Doreen Burgess was hired by Dollar Tree Stores, Inc. ("Dollar Tree") in December of 2010 and was promoted to the position of assistant manager soon thereafter. In January 2012, the store brought in Randi Freeman as Burgess's new supervisor. Burgess argues that Freeman engaged in sexual harassment and religious discrimination from January 2012 until her termination a month later. Specifically, Burgess alleges that Freeman refused to sell "testimonial gum"[2] in the store (App. at 62a), and told Burgess that, if Burgess wore her necklace with a cross pendant to work again, Freeman would "rip it off" her neck (*id.* at 63a). Freeman also allegedly touched Burgess's hair, told her it was soft, and asked if she would ever "go to the other side," (which she took as a sexual advance) (*id*. at 62a), and she told Burgess that she wanted to transfer her so that she did not become "like another Cathy," an employee who Freeman allegedly did not like (*id*. at 63a). Freeman also fired a friend of Burgess's, which Burgess understood as indirect retaliation against her. Burgess believed that other employees had called the

---

[1] Because this case was dismissed for failure to state a claim, we accept the facts recited in the operative complaint as true, for purposes of appeal. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015).

[2] From Burgess's description, this is apparently gum bearing a religious message.

2

corporate hotline to complain about Freeman's behavior.  Finally, Burgess alleges that Freeman "set [her] up" to get fired by telling her to show up for work at a time she had not been scheduled to work.[3]  (*Id.* at 65a.)

In March 2014, Burgess filed this suit in the Court of Common Pleas of Philadelphia County.  Dollar Tree removed the case to the District Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  Burgess's initial complaint alleged violations of 42 U.S.C. §§ 2000e *et seq.* ("Title VII") for religious and sexual orientation discrimination and retaliation, analogous violations of the Pennsylvania Human Relations Act ("PHRA"), and loss of consortium.  Dollar Tree moved to dismiss all but the retaliation claim under Federal Rule of Civil Procedure 12(b)(6), at which time Burgess filed an amended complaint.  Dollar Tree again moved to dismiss the Title VII and PHRA discrimination claims[4] as well as the loss of consortium claim.  The District Court granted that motion.  Burgess moved for reconsideration of the District Court's dismissal and its denial of Burgess's request to amend the complaint a second time.  The District Court rejected both motions.  In January of 2015, Dollar Tree moved for summary judgment on the remaining retaliation claim.  That motion was granted, concluding the case in the District Court.

This timely appeal followed.

---

[3] While Burgess pled several other facts regarding alleged retaliation, those facts bear only on her retaliation claim, which was dismissed on summary judgment and waived on appeal.

[4] In the same motion, Dollar Tree moved to dismiss both the Title VII discrimination and retaliation claims against the individual defendants on grounds that the statute does not provide for individual liability.

**II.    Discussion**[5]

Although Burgess brought numerous claims in the District Court, her appeal addresses only a single contention – that the District Court erred in dismissing her hostile work environment claim against Dollar Tree under Title VII and the PHRA.[6]  Our review of the order of dismissal is plenary.  *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015).  In evaluating a motion to dismiss, we consider only the complaint, accepting factual allegations as true and drawing all reasonable inferences in favor of the plaintiff.  *Id.*  "[W]e are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation."  *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc) (internal quotation marks omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'"  *Fleisher v. Standard*

---

[5] The District Court had original jurisdiction over the federal claims in this case under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

[6] Burgess's appeal, at least facially, could also be understood to contest the district court's summary judgment decision, its dismissal of the claims against Randi Freeman and the other individual defendants, its dismissal of her religious discrimination claim, and its denial of her motion to amend her complaint a second time.  But Burgess has forgone all of those claims.  Her argument against summary judgment was explicitly waived, and she forfeited any argument as to the dismissal of claims against individual defendants, the dismissal of her religious discrimination claim, or denial of the motion to amend by failing to raise such arguments in her opening brief.  *In re Fosamax (Alendronate Sodium) Products Liab. Litig. (No. II)*, 751 F.3d 150, 157 (3d Cir. 2014) ("We have consistently held that an issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue ... will not suffice to bring that issue before this court.") (internal quotation marks omitted).

4

*Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To establish a *prima facie* hostile work environment claim under Title VII and the PHRA,[7] Burgess must show "(1) the employee suffered intentional discrimination because of their sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability." *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (internal citations and quotation marks omitted). An unpleasant work environment is not a good thing, but it is not necessarily actionable, either. Title VII is violated only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult … that is sufficiently severe or pervasive to … create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations and quotation marks omitted).

The Supreme Court has instructed lower courts "to determine whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of*

---

[7] Because the protections of the PHRA replicate those of Title VII, we consider these claims together. *See Weston v. Pennsylvania*, 251 F.3d 420, 425 n.3 (3d Cir. 2001), *overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) ("The proper analysis under Title VII and the [PHRA] is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably.").

*Boca Raton,* 524 U.S. 775, 787-88 (1998) (internal citations and quotation marks omitted). Title VII is not intended as a "general civility code," and requires that "conduct must be extreme" to constitute the kind of "change in the terms and conditions of employment" the statute was intended to target. *Id.* at 788 (internal citations and quotation marks omitted).

Burgess's allegations, taken together and as true, do not suffice to state a plausible claim under that standard. None of the facts alleged demonstrate any meaningful frequency of the conduct towards Burgess, and only two instances, Freeman's vague sexual advance and the threat to rip Burgess's cross from her neck, could rightly be considered physically threatening or abusive. These two isolated instances do not represent the kind of pervasive prejudice, disparagement, and interference with one's job functions necessary to make out a plausible hostile work environment claim. In short, Freeman's behavior, while no doubt disturbing to Burgess if it occurred as alleged, does not reach the level of permeating intimidation, ridicule, and insult necessary to be considered severe or pervasive for purposes of Title VII. Consequently, the District Court's conclusion that Burgess failed to state a claim on which relief could be granted was sound, and the decision to dismiss those claims was proper.

## III.  Conclusion

For the foregoing reasons, we will affirm.

6